```
             IN THE UNITED STATE DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                       WESTERN DIVISION


MIKE POSEY                                          PLAINTIFF

VS.                          CIVIL ACTION 5:15-cv-103(DCB)(MTP)

SANDY SANSING BROOKHAVEN, LLC                       DEFENDANT
```

MEMORANDUM OPINION AND ORDER

This cause is before the Court on the defendant Sandy Sansing Brookhaven, LLC's motion for summary judgment **(docket entry 3)**. Having carefully considered the motion and the plaintiff Mike Posey's response, as well as the arguments of counsel and the applicable law, the Court finds as follows:

This action was originally filed in the Circuit Court of Lincoln County, Mississippi, and removed to this Court by the defendant. The defendant's Notice of Removal asserts that the plaintiff is a Mississippi citizen, that the defendant is a Florida limited liability company, and that the amount in controversy exceeds $75,000.

The plaintiff's Complaint alleges that he entered into a written contract of employment with the defendant whereby plaintiff was guaranteed $15,000 a month for a year to serve as the sales manager of Toyota of Brookhaven. Complaint, ¶ 14. The Complaint further alleges that on November 1, 2014, the plaintiff left work "for two to three hours to watch his son's last Pee Wee football game" (¶ 11), and that on November 14, 2014, Mike Addison and David

Sansing, on behalf of the defendant, told him that "he was fired because he left the dealership to attend his son's ball game." (¶ 13). The plaintiff brings claims for breach of contract and detrimental reliance (¶¶ 14-19), and seeks "compensatory damages" and "other attendant damages." (¶ 21(c)).

The defendant contends that plaintiff's employment was terminable at will, and cites the plaintiff's Employment Application, as well as the plaintiff's Acknowledgment of Receipt of Employment Policy Manual, At-Will Employment Status and Probationary Employment Period. These documents are attached as exhibits to the defendant's Motion for Summary Judgment, and have been properly authenticated (docket entry 12, exhibit A).

In response to the motion for summary judgment, the plaintiff agrees with the defendant's assertion that the application for employment, signed by the plaintiff on October 7, 2014, states: "I understand that if I am hired, <u>my employment will be for no definite period, regardless of the period of payment of my wages</u>. I further understand that I have the right to terminate my employment at will at any time with or without notice or reason, <u>and the Company has the same right</u>." (docket entry 12, Document 12-1, p. 2)(emphasis added). The plaintiff also admits that the "Acknowledgment of Receipt of Employment Policy Manual," which he signed October 13, 2014, states:

> I further understand that as a new employee, my first 90 days of employment is a probationary period. Should my

>    performance become unsatisfactory at any time during this
>    probationary period, I will be subject to discharge at
>    that time.  Furthermore, completion of the probationary
>    period <u>does not confer any expectation of continuation in
>    employment</u>; continuation depends on the needs of the
>    Company and the performance and conduct of the employee.

(docket entry 12, document 12-2, p. 1)(emphasis added).

The plaintiff alleges, however, that a third document he signed on October 16, 2014 (a "Personal Pay Plan"), entitles him to recover from the defendant one year's worth of salary at $15,000 per month.  This document provides, in full:

>    **Personal Pay Plan**
>    NAME: **MIKE POSEY**
>    POSITION: **GENERAL SALES MANAGER**
>
>    Effective Date: 10/13/2014
>    **GAURANTEE**: [sic]
>    $15,000.00 A MONTH GAURANTEE [sic] FOR 1 YEAR
>    REIMBURSEMENT OF MONTHLY MORTGAGE NOTE UNTIL HOUSE SALES [sic]
>    USE OF DEMO

(docket entry 12, Document 12-3, p. 1).

Rule 56(c) of the Federal Rules of Civil Procedure authorizes summary judgment where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law."  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986).  If the moving party carries its burden of showing that evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim, the burden shifts to the nonmoving

party to present evidence showing that there is a genuine issue for trial. Norwegian Bulk Transp. A/S v. International Marine, 520 F.3d 409, 412 (5th Cir. 2008).

Mississippi adheres to the employment at will doctrine, which states: "absent an employment contract expressly providing to the contrary, an employee may be discharged at the employer's will for good reason, bad reason, or no reason at all, excepting only reasons independently declared legally impermissible." Shaw v. Burchfield, 481 So.2d 247, 253-54 (Miss. 1985). Mississippi law recognizes three exceptions to the at-will rule: (1) "an employee who refuses to participate in an illegal act ... shall not be barred ... from bringing an action in tort for damages against his employer," McArn v. Allied Bruce-Terminiz Co., Inc., 626 So.2d 603, 607 (Miss. 1993); (2) "an employee who is discharged for reporting illegal acts of his employer to the employer or anyone else is not barred ... from brining action in tort for damages against his employer," id.; and (3) where an employer's conduct serves to modify the employment contract in such a way as to abrogate the at-will rule, Bobbit v. Orchard, Ltd., 603 So.2d 356, 361 (Miss. 1992).

In order to survive summary judgment, the plaintiff must show that the defendant took some action that modified the employment contract so that the plaintiff was no longer an at-will employee.

The plaintiff claims that "the terms expressed in the documents are open to more than one interpretation," (docket entry 15, p. 2), and further claims that "[b]ecause the terms of the three documents in question in this case contrast, they are not facially unambiguous, and thus are not subject to summary judgment.  A trial court may only grant summary judgment as a matter of law where a contract is unambiguous."  (Docket entry 15, p. 2, citing Epperson v. Southbank, 93 So.3d 10, 17 (Miss. 2012)).

Rule 56 mandates the entry of summary judgment, after adequate time for discovery, and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Stahl v. Novartis Pharm. Corp., 283 F.3d 254, 263 (5th Cir. 2002)(emphasis added)(citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).

The defendant's motion for summary judgment was filed the same day this action was removed from state court.  No discovery was propounded in the state court.  The Case Management Order was entered in this case by Magistrate Judge Michael T. Parker on May 25, 2016, and includes a discovery deadline of March 1, 2017.

Because the parties have yet to conduct discovery in this case, the Court finds that a motion for summary judgment is premature.  The parties have not developed the record fully enough for the Court to determine if any genuine issues of material fact

are present or whether the defendant is entitled to judgment as a matter of law.  See Fed.R.Civ.P. 56(c) (indicating that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.").

The defendant's motion shall therefore be denied without prejudice.

Accordingly,

IT IS HEREBY ORDERED that the defendant Sandy Sansing Brookhaven, LLC's motion for summary judgment **(docket entry 3)** is DENIED WITHOUT PREJUDICE.

SO ORDERED , this the 18th day of August, 2016.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE